IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

MARC GROAH,

    Defendant.

No. C 17-00198 WHA

**ORDER AFFIRMING CONVICTION**

**INTRODUCTION**

Defendant appeals his criminal conviction after a bench trial before a magistrate judge. For the reasons herein, the conviction is **AFFIRMED**.

**STATEMENT**

On January 17, 2017, United States Park Service Ranger Paul Forward encountered defendant Marc Groah sitting beside a fire on Rodeo Beach in the Golden Gate National Recreation Area ("GGNRA"). After Ranger Forward explained to Groah that fires were not permitted on the beach, Groah extinguished the fire, and followed Ranger Forward to his car where Ranger Forward issued him a citation for maintaining a fire in an undesignated area pursuant to 36 C.F.R. § 2.13(a)(1).

At the time Ranger Forward issued the citation, Groah stated that he was not aware of a regulation prohibiting beach fires, and had not seen any signs posted prohibiting fires on the beach (Trial Tr. at 10–13; Exh. B. at :30–2:15, 4:05–4:20, 9:20–9:40).[1]

In July, Groah proceeded to trial. The government called Ranger Forward as its sole witness. Ranger Forward testified that signs posted in or around the GGNRA stated that Park Service regulations were enforced on Rodeo Beach, which regulations included the prohibition against maintaining fires in an undesignated area. There were no signs on Rodeo Beach specifically stating whether fires were allowed. Instead, the government maintained a webpage for the GGNRA indicating which beaches have designated fire areas (Trial Tr. at 7, 8, 11; Exh. C).

The government introduced a printout of this webpage from April 2017, showing that there were no designated fire areas on Rodeo Beach. Ranger Forward testified that the printout was a fair and accurate representation of the fire regulation in effect in April, and that the rules listed on the webpage were also in place on January 17, the day he issued the citation to Groah (Trial Tr. at 9-10; Exh. C).

After closing argument, the court found Groah guilty of violating the no-fire regulation, and sentenced him to pay a $130 fine. Groah now appeals his conviction (Trial Tr. at 32, 34).

**ANALYSIS**

Groah argues that his conviction should be vacated because the government failed to provide sufficient notice of the fire regulation in violation of the due process clause of the Fifth Amendment (Dkt. No. 23 at 2–3). This argument, however, is predicated on the notion that the government must provide notice of each and every area in which campfires are prohibited. This does not track with the regulation. Regulation 2.13(a)(1) prohibits "lighting or maintaining a fire, *except* in designated areas or receptacles . . . " (emphasis added). Because the parties agree that no sign designated Rodeo Beach as a designated fire area, Groah's due process argument fails.

---

[1] Ranger Forward recorded the interaction with a body camera, which recording was played at trial. Defense counsel objected to Ranger Forward's recorded statements on hearsay grounds. The Court sustained the objection to the extent Ranger Forward's statements were being offered for the truth. Groah's statements, however, were deemed admissible (Trial Tr. at 12–13).

It is a touchstone principle that citizens are charged with knowledge of the law, and ignorance of established laws is no defense. "Despite the fact that most citizens do not keep abreast of every statutory development, that statutes are published and available to the public in the first place means that citizens can fairly be charged with constructive notice of the laws that bind them." *United States v. Vasarajs*, 908 F.2d 443, 448 (9th Cir. 1990). The same, of course, is true of regulations published in the Code of Federal Regulations. *United States v. Bozarov*, 974 F.2d 1037, 1045 (9th Cir. 1992). Groah does not dispute that the regulation at issue here was published in the Code of Federal Regulations. Accordingly, whether Groah actually knew of the regulation, he is charged with constructive knowledge thereof.

The regulation at issue prohibits fires in all areas *except* those specifically designated. 36 C.F.R. § 2.13(a)(1). As Magistrate Judge Corley aptly stated: "If you don't know its so designated, you can't have a fire" (Trial Tr. at 23). The federal regulation as printed in the Code of Federal Regulations provided Groah constitutionally sufficient notice that he could not maintain a fire at Rodeo Beach unless notified otherwise. Here, both sides agree that no fire ring or sign designated Rodeo Beach as an area where fires were permitted. The parties further agree that, nevertheless, Groah lit and maintained a fire. This alone is dispositive.

Nevertheless, at trial the government went an extra step—a step that was unnecessary—in an attempt to demonstrate that further notice was available through the GGNRA website. Although the record does not tell us whether signs were physically posted at the geographic locations designated for fires, the GGNRA website, received in evidence at trial, stated that beach fires were only allowed at Ocean Beach and Muir Beach. Although unnecessary for the government to show the availability of this additional information, it makes it all the more apparent that practical, additional notice was provided to the public.

This order acknowledges that, of course, not everyone has access to the internet or knows how to navigate it. This order also does not suggest that publication of a rule online provides (or does not provide) constitutionally sufficient notice to the public. As explained herein, however, the GGNRA website merely provided courtesy notice of the designated fire areas. Publication in the Code of Federal Regulations provided constructive notice of the prohibited conduct at issue.

3

Groah next argues that even if the regulation were constitutionally sufficient to provide notice, the government failed to carry its evidentiary burden at trial. The evidence was insufficient, Groah contends, because the government only provided a printout from the GGNRA website showing which areas of the park were designated for fires in April 2017, three months after Groah's citation issued. At trial, however, Ranger Forward testified that the rules listed on the GGNRA webpage in April were also in place on January 17, the day he issued the citation (Trial Tr. at 9-10). In attempting to call Ranger Forward's assertion into question, defense counsel asked on cross-examination whether he checked the website on January 17, to which Ranger Forward answered that he had not (Dkt. No. 23 at 3–6; Trial Tr. at 16). That Ranger Forward had not checked the website on the specific day he issued Groah's citation does not introduce a reasonable doubt as to whether the same regulations were in place.

Finally, Groah argues that the government failed to establish that Ranger Forward had the relevant training or education regarding the regulations. This lack of foundation, Groah contends, resulted in Ranger Forward's testimony being nothing more than a "lay witness's opinion" of the law. Not so. Ranger Forward was charged with administering the law at issue. He testified that he was a ranger with the GGNRA and that his job responsibilities included patrolling for violations of state and federal regulations (Trial Tr. at 7).

In support of his contention that Ranger Forward's testimony was insufficient, Groah cites several decisions in which the government sought to prove that a bank had FDIC insurance. These decisions, however, support Groah's conviction. In *United States v. Ali*, 266 F.3d 1242, 1244 (9th Cir. 2001), upon which Groah relies, our court of appeals found insufficient evidence to support a conviction where the government's witness testified that the bank was FDIC insured at the time of trial, more than two years after commission of the crime, and where the certificate of insurance presented at trial was more than ten-years old. Neither item of evidence covered the period in question, and therefore neither could support a conviction. Our court of appeals observed, however, that "[a] bank employee's uncontradicted testimony of a bank's insured status can sufficiently support the jury's conclusion that this element was proven beyond a reasonable doubt." *Id.* at 1244. So too here. Ranger Forward gave uncontradicted testimony that Rodeo Beach was

4

not designated for fires on the day of Groah's offense. *See also United States v. Ware*, 416 F.3d 1118, 1123 (9th Cir. 2005) (upholding conviction where employees testified that they knew the bank was insured at the time a crime was committed due to posted notices at the bank).

## CONCLUSION

For the foregoing reasons, Groah's conviction for violation of 36 C.F.R. § 2.13(a)(1) is **AFFIRMED**. Groah shall pay $140, as set forth in the July 18 judgment no later than **DECEMBER 22, 2017**.

**IT IS SO ORDERED.**

Dated: December 13, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE